Troutman Pepper Locke LLP
3000 Two Logan Square, Eighteenth and Arch Streets
Philadelphia, PA 19103

troutman.com

**Michael E. Baughman**
D 215.981.4964
F 215.827.5907
michael.baughman@troutman.com

August 27, 2025

**VIA ECF & EMAIL**

Hon. Andrew L. Carter, Jr.
United States District Judge
Southern District of New York
40 Foley Square
New York, NY 10007
ALCarterNYSDChambers@nysd.uscourts.gov

**Re:   White v. The New School, Case No. 25-cv-02910 (S.D.N.Y.)**

Dear Judge Carter:

      This firm represents Defendant The New School ("TNS"). We write pursuant to Rule 2(A) of Your Honor's Individual Rules and Practices in response to Plaintiff Brandon White's ("Plaintiff") August 22, 2025 letter requesting a pre-motion conference regarding an anticipated Motion to File an Amended Complaint. TNS opposes Plaintiff's request and therefore requests that the Court deny Plaintiff's request to amend the Complaint, or, alternatively, hold a pre-motion conference on this matter. The reasons for TNS' position are briefly stated below. TNS reserves the right to more fully develop its arguments should Plaintiff be permitted to file a formal motion.

      First, Plaintiff's request is improper under the Court's Individual Practices. Before filing a Motion to Dismiss, TNS requested a pre-motion conference and submitted a letter briefly summarizing the arguments it would make ("TNS Pre-Motion Letter"). ECF No.12. Plaintiff submitted a response, did not oppose TNS filing such a motion, and did not request the opportunity to file an Amended Complaint or even mention its intention to do so. ECF No. 13. The Court's Individual Practices state that parties are expected to decide as part of the pre-motion conference whether they intend to file an amended pleading and "[i]f the non-moving party elects not to amend its complaint and the motion to dismiss is granted, **it is unlikely that the Court will grant the non-moving party leave to amend**." Judge Carter's Individual Practices Section 2(D) (emphasis added). Plaintiff's election to stand on his Complaint as part of the request for a pre-motion conference is reason enough to deny Plaintiff's current request to amend.

      Relatedly, TNS would be prejudiced if the Plaintiff is now permitted to amend. TNS spent considerable time and money drafting its Motion to Dismiss. The Court's Individual Practices are presumably motivated by the notion that a Defendant should only be required to file one motion to dismiss, not seriatim motions to evolving pleadings. If Plaintiff wished to file an amended

complaint, he should have expressed his intention to do so when confronted with TNS' arguments for dismissal in TNS' Pre-Motion Letter, not after TNS spent substantial resources drafting its Motion. There is nothing new in the proposed amended pleading that could not have been included in the original Complaint – which already contained hundreds of paragraphs and copious exhibits.[1]

Finally, Plaintiff's proposed amended pleading does not cure the deficiencies identified in TNS' Motion to Dismiss and an amendment would thus be futile. First and fundamentally, the proposed amended pleading does not and cannot address the fact that TNS could not have discriminated against Plaintiff based on his Jewish ancestry because Plaintiff is not Jewish. Indeed, if anything, the proposed First Amended Complaint reinforces that TNS knew that Plaintiff was ***not*** Jewish and therefore could not have "perceived" him to be Jewish. *See*, *e.g.*, Proposed Am. Compl. ¶¶ 84, 86. Title VI requires that Plaintiff prove that TNS' actions were motivated by discrimination and that the discriminatory effect is to deprive a student of an educational opportunity or benefit. *See Zeno v. Pine Plains Cent. Sch. Dist.*, 702 F.3d 655, 665–66 (2d Cir. 2012). Plaintiff must thus prove that the defendant's actions were motivated by discrimination and that he was treated differently "**because of** [his] 'race, color, or national origin.'" *Chandrapaul v. City Univ. of N.Y.*, No. 14 Civ. 790 (AMD) (CLP), 2016 WL 1611468, at *55 (E.D.N.Y. Apr. 20, 2016) (emphasis added). TNS could not have treated Plaintiff differently based on his Jewish ancestry – and could not have perceived him to be Jewish – when the Plaintiff's original Complaint and proposed First Amended Complaint both plead that TNS knew he was not, in fact, Jewish. This alone is dispositive to all of Plaintiff's claims.

Second, TNS explained in its Motion to Dismiss that among many other failings, Plaintiff also cannot prove that TNS subjected him to discrimination because he fails to plead that he suffered further harassment after TNS received actual notice of his claim of supposed discriminatory harassment. *Kollaritsch v. Mich. State Univ. Bd. of Trs.*, 944 F.3d 613, 619 (6th Cir. 2019). Plaintiff's proposed First Amended Compliant tries to plug this hole by suggesting that TNS received actual notice of harassment on or about December 8, 2023 by alleging that Plaintiff complained to a dean during a meeting that the harassment at issue was based on the perception that he is Jewish. Proposed Am. Compl. ¶ 86. But even if these new allegations about a "meeting" were true (they are not and this claim contradicts the multiple written communications surrounding the meeting), and even if such statements were sufficient to put TNS on "notice" of some claim of discriminatory harassment (they are not since there is no claim for harassment based on "perceived" national origin), Plaintiff fails to plead specifically how he suffered additional harassment after this meeting. True he has changed the facts he alleged in his Complaint from saying he was harassed for "days and weeks" after the December 4th protest to now saying he was harassed for "weeks and months." Proposed Am. Compl. ¶ 56. But Plaintiff provides no specifics, nor does he identify any particular act of "harassment" by date that occurred after

---

[1] Indeed, one of the grounds for Defendant's Motion to Dismiss was that the pleading was so voluminous as to violate Rule 8, but the proposed amendments do not address this point in any way, making the pleading longer, not shorter.

December 8, 2023.  This is despite the fact that numerous other allegations in the Complaint contain the most minute details, down to minute-by-minute accounts of various email exchanges.  And, again, TNS could not have subjected Plaintiff to discrimination by other students based on a Jewish ancestry which Plaintiff did not, and does not, possess.

Plaintiff also seeks to add new counts for "retaliation" under Title VI and state law.  There is no reason these claims could not have been included in the original Complaint.  Moreover, these allegations, are merely a repackaging of his deliberate indifference claims and if Plaintiff cannot state a Title VI claim based on deliberate indifference, he cannot transform them into an actionable claim by labeling them as "retaliation."  Further, to state a claim for retaliation under Title VI, Plaintiff "must allege that [he] engaged in protected activity, [Defendant] knew about [his] protected activity, [he] suffered an adverse action, and there was 'a causal connection between the protected activity and the adverse action.'" *Bloomberg v. N.Y.C. Dep't of Educ.*, 119 F.4th 209, 215 (2d Cir. 2024).  Among other things, Plaintiff fails to plead that he engaged in a "protected activity" because he did not report that he was subject to discrimination based on his national origin, he claims that he reported that he was subject to discrimination based on the fact that other students wrongfully perceived him to be Jewish.  *Salem v. New York Univ.*, No. 22-cv-5112, 2023 WL 8438713, at *8 (S.D.N.Y. Sept. 15, 2023).  Nor does Plaintiff plead that there was any causal connection between how TNS handled his complaint and his having raised it in the first place – even if the investigation into Plaintiff's complaint[2] was imperfect, that is not an "adverse action" that can reasonably be connected to Plaintiff's national origin, particularly where TNS did not believe him to be Jewish.

For the reasons set forth above, TNS respectfully requests that the Court deny Plaintiff's request to amend the Complaint, or, alternatively, hold a pre-motion conference on this matter.

Respectfully submitted,

TROUTMAN PEPPER LOCKE LLP

By: _____
     Michael E. Baughman

cc:    All Counsel (By ECF)

---

[2] It should be noted that on December 5, 2023, in response to outreach from Plaintiff a day earlier, a TNS employee from the Office of the President encouraged Plaintiff "to consider options for resources for reporting and additional support," including a link from which Plaintiff could file a formal complaint.  Am. Compl., Ex. B.  Interestingly, neither the original Complaint nor the proposed First Amended Complaint allege that Plaintiff followed this process by filing a formal complaint.